IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CLAUDE CARPENTER,

    Plaintiff,

v.                                                      Civil Action No. **3:08cv143**

C. T. WOODY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

The matter is before for the Court for assessment of the propriety of the removal of the action, Plaintiff's motion for remand, initial review of Plaintiff's complaint, the motion to dismiss by some of the defendants, and Plaintiff's motions for appointment of counsel.

### I. PROCEDURAL HISTORY

On January 29, 2008, Plaintiff filed the present action in the Circuit Court for the City of Richmond. Plaintiff named the following individuals and entities as defendants: Sheriff Woody, Lt. Col. Burnett, Capt. Robinson, Dr. Furman, and the Richmond Sheriff's Department. On March 4, 2008, Defendants Woody, Burnett, Robinson, and the Richmond Sheriff's Department (hereinafter collectively, "Defendants") filed a notice of removal. Attached to the notice of removal was a copy of the summons and complaint that had been served upon Defendant Woody.[1] By Memorandum Order entered on April 15, 2008, the Court directed each defendant to send the Court a copy of the summons served upon him or her and a statement indicating when he or she was served with process. Additionally, the Court directed Defendants Woody, Burnett, Robinson, and the Richmond Sheriff's Department to show good cause why the action

---

[1] In their notice of removal, Defendants Woody, Burnett, Robinson, and the Richmond Sheriff's Department represented that Dr. Furman was served on February 15, 2008.

should not be remanded to the Circuit Court because Dr. Furman failed to file a timely consent to removal.

Defendants responded that Dr. Furman properly joined in their notice of removal as reflected by his signature on page three of the document. Although the text of the notice of removal is somewhat ambiguous, the Court concludes that it is sufficient to demonstrate Dr. Furman's joinder in Defendants' consent to removal. Any deficiency in Dr. Furman's consent to removal is a technical defect which does not permit this Court to *sua sponte* remand the action to state court. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).

On April 3, 2008, Plaintiff filed a motion to stay the removal of the action. Plaintiff failed to state any proper basis for staying the removal of the action in his motion. Accordingly, Plaintiff's motion to stay the removal of the action (Docket No. 5) will be DENIED.

On May 7, 2008, Plaintiff moved for remand of the action based on Dr. Furman's failure to tender the process served upon him and the ambiguity of Dr. Furman's consent to removal. *See* 28 U.S.C. § 1446(a), (b). Plaintiff, however, was required to move for remand on such procedural defects within thirty days after the filing of the notice of removal on March 4, 2008. *See* 28 U.S.C. § 1447(c). Plaintiff's motion for remand (Docket No. 11) is untimely *and will be* DENIED.

Additionally, Plaintiff's motion to stay the notice of removal (Docket No. 4) will be DENIED.

On April 3, 2008, the Court received from Plaintiff a document he titled "RULE 15. AMENDMENT AND SUPPLEMENTAL PLEADING," to which he attached a copy of a response to a demur. The document does not set forth any claims for relief and does not provide any coherent basis for denying Defendants' motion to dismiss. Plaintiff's "RULE 15.

AMENDMENT AND SUPPLEMENTAL PLEADING" shall receive no further consideration.

Plaintiff has moved for the appointment of counsel. In cases under 42 U.S.C § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). It neither appears that the issues involved are so complex nor the circumstances are so exceptional as to warrant the appointment of counsel. Furthermore, Plaintiff's submissions reflect that he is competent to represent himself in the present proceedings. Accordingly, Plaintiff's motions for the appointment of counsel (Docket No. 12) will be DENIED.

## II. STANDARD OF REVIEW

The "court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley,* 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and

constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In his complaint, Plaintiff asserts that he was subjected to inhumane conditions of confinement while he was incarcerated in the Richmond City Jail. In his initial complaint, Plaintiff does not identify the statute that conferred jurisdiction on the Circuit Court of this Court to hear his action. However, in response to Defendants' motion to dismiss, Plaintiff's acknowledges that he contends that his constitutional rights were violated. Therefore, it appears that Plaintiff is seeking to invoke the Court's jurisdiction under 42 U.S.C. § 1983.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). Plaintiff fails mention the individual defendants, including Dr. Furman, in the body of the complaint, much less allege, as he must, how each defendant personally participated in a violation of his rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

5

appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Accordingly, Plaintiff's federal constitutional claims against Defendants and Dr. Furman will be DISMISSED WITHOUT PREJUDICE. Defendants' motion to dismiss (Docket No. 3) will be GRANTED.

Generally, pendant state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of the federal claims and the vagueness of Plaintiff's state law claims, the Court declines to exercise its discretion to retain the state tort claims. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Plaintiff's incohate state tort claims and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Date: AUG 1 4 2008
Richmond, Virginia

/s/

Richard L. Williams

United States District Judge